In the Matter of the Claims of JOSEPH SADALLAH et al., Respondents.

KLM ROYAL DUTCH AIRLINES, Appellant.

PHILLIP ROSS, as Industrial Commissioner, Respondent.

Third Department, August 5, 1976

*Fellner & Rovins (Ronald Kreismann* and *Leonard Rovins* of counsel), for appellant.

*Wallace, O'Haire & Wallace (Andrew Wallace* of counsel), for Joseph Sadallah and others, respondents.

*Louis J. Lefkowitz, Attorney-General (Frederick M. Paola, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for Industrial Commissioner, respondent.

HERLIHY, J.. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1975, which adopted and affirmed a Referee's decision sustaining the initial determination of the Industrial Commissioner holding claimants eligible for benefits upon the expiration of the seven-week suspension period applicable to labor controversies pursuant to subdivision 1 of section 592 of the Labor Law.

In considering a companion case of *Matter of Kingston (KLM Royal Dutch Airlines-Levine)* (46 AD2d 949) this court noted that the instant case was not then properly before us and the attempted appeal was dismissed without prejudice. The factual background of the present case is referred to in the *Kingston* case.

The employer contends upon this appeal that the claimants should be disqualified because, as a matter of law, their participation in the strike was illegal pursuant to the provisions of the Railway Labor Act (US Code, tit 45, § 156) or, the payment of benefits results in a violation of the supremacy clause of the United States Constitution because it interferes with activities either protected or prohibited by the Railway

Labor Act which governs the conduct of the employer and its employees.

The Referee found that the employer had failed to establish that the strike involved in the present case was prohibited by statute although there may have been a failure to comply with what the decision terms "procedural stages of a Federal Act before commencing their work stoppage".

The Railway Labor Act has several provisions which seem to have a bearing upon the question of illegality, but as found by the Referee, there is no provision which would have expressly prohibited the strike herein. Section 152 (all statutory references hereinafter are to title 45 of the United States Code unless otherwise specified) requires employers and employees to "exert every reasonable effort * * * to settle all disputes". Section 155 as pertinent to this case provides that where the National Mediation Board becomes involved and finds its efforts are unsuccessful, it should attempt to persuade the parties to submit to arbitration.

It is established that the Mediation Board did attempt to persuade the parties to submit to arbitration; however the union representing the employees refused arbitration although the employer was willing. Accordingly, the Mediation Board as provided in section 155 gave notice as required therein to the parties that its efforts had failed. Section 157 provides that "the failure or refusal of either party to submit a controversy to arbitration should not be construed as a violation of any legal obligation imposed upon such party by the terms of this chapter or otherwise". It was noted in *Railway Clerks v Florida East Coast Ry. Co.* (384 US 238, 241) that arbitration is not mandatory and a union is free to strike without submitting to arbitration.

The employer has failed to establish that the strike was illegal so as to bar the claimants from benefits pursuant to the rationale of *Matter of Rodriquez (Presbyt. Hosp. in City of N.Y.—Levine)*, 32 NY2d 577; cf. *Matter of Heitzenrater (Hooker Chem. Corp.—Catherwood)*, 19 NY2d 1).

The second contention of the employer as to the payment of benefits being an interference with a federally pre-empted area is not persuasive. Payments to workers in establishments undergoing a labor controversy do not commence for several weeks after the controversy causes the unemployment to occur. Many workers lose their employment during labor controversies as the innocent victims of events beyond their

control and we do not perceive our system as having any measurable impact on the side of organized labor or business. To the extent that workers are subsidized, the initial suspension of benefits is clearly in favor of business. It is apparent from the decision in *Super Tire Eng. Co. v McCorkle* (416 US 115) that the payment of benefits to strikers does raise a question of interference, but the mere existence of a question does not establish the invalidity of the State legislation. In any event, this argument was rejected by the Court of Appeals in *Matter of George (Catherwood-General Motors Corp.)* (14 NY2d 234) as to an interference with interstate commerce. Specifically, the appellant has failed to demonstrate that the Federal laws regulating labor relations are so designed as to support an inference that the New York State Labor Law affects the balance sought by Congress between labor and management in any significant manner *unintended* by Congress. This constitutional issue was raised in *Matter of Weis (General Motors Corp.—Catherwood)* (28 NY2d 267) but was not decided. However, in considering the same contention as related to the payment of welfare grants to strikers, the Court of Appeals has noted: "[t]o so immobilize the State requires a clear expression of congressional intent" *(Lascaris v Wyman,* 31 NY2d 386, 396, cert den *sub nom Chamber of Commerce of U.S. v Lavine,* 414 US 832).

The case of *Hawaiian Tel. Co. v State of Hawaii Dept. of Labor and Ind. Relations* (405 F Supp 275, 278, 286), relied upon by the appellant, noted the difference between the unemployment benefits of New York State and Hawaii and in its ruling as to Hawaii did not construe the Federal legislation as eliminating the payments provided in New York. It does not support a finding of pre-emption as to the New York unemployment benefits.

The decision should be affirmed, without costs.

KOREMAN, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Decision affirmed, without costs.